IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BERGER CHIROPRACTIC LLC, a Missouri Company, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BIOSENSE MEDICAL DEVICES, L.L.C., and JOHN DOES 1-12,<br><br>　　　　　　　　Defendants. | No. 16-cv-00678<br><br>Hon. Judge Patricia L. Cohen |

## PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT

NOW COMES, Berger Chiropractic, LLC, ("Plaintiff"), pursuant to Rule 55 (b) (1), and respectfully requests that this Court enter judgment in the amount of $1500 against defendant Biosense Medical Devices ("Biosense" or "Defendant") and in Plaintiff's favor. Additionally, Plaintiff requests that the Court enter an order enjoining Defendant from further transmitting unsolicited facsimile advertisements into the state of Illinois. In support thereof Plaintiff states as follows:

### INTRODUCTION

1.　　On May 13, 2016, Plaintiff filed this action to secure redress for Defendant's transmission of unsolicited advertisements via telephone facsimile machines to Plaintiff, and others, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois common law of conversion. Doc. 1.

2. On May 16, 2016, a Summons was issued for the Defendant. Declaration of James M. Smith, ¶ 2, Exhibit 1.

3. On June 24, 2016, an Alias Summons was issued for the Defendant. Smith Decl., ¶ 3, Exhibit 2, *see also* Doc. 7.

4. On July 7, 2016, Defendant was served with a summons and copy of Plaintiff's Class Action Complaint by leaving copies with Jamie Perez, an employee authorized to accept service. Smith Decl., ¶ 8; *see also* Doc. 11.

5. Defendant has not answered or appeared in court. Smith Decl., ¶ 5.

6. On September 13, 2016, Plaintiff concurrently filed its motion for clerk's entry of default against Defendant, based on the failure to appear in court and the failure to defend the action by filing a responsive pleading within 21 days after being served, pursuant to Fed. R. Civ. P. 12.

7. Defendant Biosense Medical Devices, L.L.C. is a limited liability entity entity and therefore not an infant, incompetent or serving in the military. Smith Decl., ¶ 6.

## JURISDICTION AND VENUE

8. Plaintiff conducts business in St. Louis, Missouri. Declaration of Dr. Keith Berger. ("Plf. Decl."), ¶ 2, attached hereto as Exhibit B[1].

9. The subject fax was sent to Plaintiff's business Berger Chiropractic,

---

[1] Plaintiff was unable to attach the signed Declaration of Dr. Keith Berger to its September 13, 2016 Motion, but hereby files this Amended Motion with the signed declaration.

2

which is located in St. Louis, Missouri. Plf. Decl., ¶ 2, Ex. 1.

10. Biosense Medical Devices, L.L.C. is a Georgia limited liability company with its principal place of business in Duluth, Georgia. Doc. 1, ¶ 6.

11. Venue is proper in the Eastern District of Missouri because Plaintiff resides in this District and Defendant sent the unsolicited fax advertisement to Plaintiff in this district. Thus a substantial part of the events giving rise to the claims occurred in this judicial district.

12. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claim arises under the federal Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"). Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction to hear Plaintiff's state law claims for consumer fraud under 815 ICLS 505/2 and the common law of conversion.

## DAMAGES

13. Federal Rule 54 provides, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

14. Plaintiff's Complaint requested that the Court [1] award $500 - $1,500 in damages for each violation of the TCPA and [2] enter an injunction prohibiting Defendants from sending faxes in violation of the TCPA. Doc. 1.

15. The TCPA prohibits the "use [of] any telephone facsimile machine … to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. §

227(b)(1).

16. In April 2016, Defendant sent or caused to be sent a junk fax to Plaintiff. Plf. Decl., ¶ 5, Ex. 1.

17. Plaintiff never gave anyone prior express invitation or permission to send it a fax advertisement, and Plaintiff has never done business with Defendants. Plf. Decl., ¶ 6.

*18.* A person or entity may bring "an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). If the Court finds the advertisements were sent knowingly or willfully, then the Court can treble the damages. *Id.*

19. Plaintiff is entitled to recover $1,500.00 for the junk fax Defendant sent it because Defendant sent the fax "willfully." The Communications Act of 1943—of which the TCPA is a part—defines the term "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[ ], rule or regulation." 47 U.S.C. § 312 (f) (1). *See Sengenberger v. Credit Control Services, Inc.*, No. 09 C 2796, 2010 WL 1791270, *6 (N.D. Ill. May 5, 2010) (Zagel, J.) (*citing Dubsky v. Advanced Cellular Communications, Inc.,* No. 2008 cv 00652, 2004 WL 503757, at *2 (Ohio Com. Pl. Feb. 24, 2004)).

## INJUNCTION

20. The TCPA also expressly permits injunctive relief. 47 U.S.C.A. § 227 (b)(3)(a) ("A person or entity may . . . bring in an appropriate court of that State . . . an action based on a violation of this subsection . . . to enjoin such violation.").

21. The Court should enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers pursuant to the TCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter a default judgment against defendants Biosense Medical Devices, L.L.C. and in Plaintiff's favor, in the amount of $1500.00 and enter an order enjoining Defendants from sending advertisements by facsimile without prior express permission or invitation.

Dated:  September 14, 2016                    Respectfully submitted,

                                              Dr. Berger Chiropractic, LLC,

                                        By:   /s/ James M. Smith
                                              One of its attorneys

                                              Phillip A. Bock
                                              James M. Smith
                                              Bock, Hatch, Lewis & Oppenheim, LLC
                                              134 N. La Salle Street, Suite 1000
                                              Chicago, IL  60602
                                              Telephone:  312/658-5500

5

## CERTIFICATE OF SERVICE

      The undersigned attorney states that on September 14, 2016, I served a true and correct copy of *Plaintiff's Motion and Memorandum in Support of Default Judgment* on the parties listed below by depositing the same in the U.S. Mail box at 134 N. LaSalle St., IL 60602, with proper postage prepaid to the following:

Scott Climes
Reg. Agent for Biosense Medical Devices, L.L.C.
1576 Atkinson Rd.
Lawrenceville, GA 30043

                                      /s/James M. Smith
                                      One of Plaintiff's Attorneys