UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BERGER CHIROPRACTIC LLC,      )
CONSTRUCTION LABORERS         )
WELFARE FUND, individually and as the  )
representative of a class of similarly-  )
situated persons,             )
                              )
            Plaintiffs,       )
                              )
      v.                      )        Case No.   4:16CV00678 AGF
                              )
HILLTOP C&I, INC.,            )
                              )
            Defendant.        )

## MEMORANDUM AND ORDER

       This matter is before the Court on Plaintiff's motion for default judgment.   Plaintiff

claims in this putative class action that Defendant transmitted unsolicited advertisements

via telephone facsimile machines to Plaintiff, and others, in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and state common law of

conversion.   Specifically, Plaintiff alleged in its complaint that in April 2016, Plaintiff

received a fax advertisement from Defendant (that did not have an opt-out provision), and

that Plaintiff never gave Defendant prior permission to send a fax advertisement and did

not have an established business relationship with Defendant prior to receipt of the fax.

Plaintiff alleged that other Missouri residents also received violative faxes from Defendant

and sought judgment against Defendant for statutory damages in the amount of $500 for

each violation, trebled because the transmissions were allegedly willful.   Plaintiff also

sought injunctive relief enjoining Defendant from violating the TCPA.

On September 23, 2016, the Clerk of Court entered default as to Defendant. In its motion for default judgment, as amended, Plaintiff seeks judgment against Defendant for statutory damages in the amount of $500, trebled, for a total judgment of $1,500. Plaintiff also seeks an injunction.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

The TCPA provides that "[i]t shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA does not prohibit the sending of unsolicited facsimiles to a recipient who has an "established business relationship" with the sender. *Missouri ex rel. Nixon v. Am. Blast Fax, Inc*., 323 F.3d 649, 657 (8th Cir. 2003). A recipient of a fax that violates the TCPA may recover actual monetary loss, or $500, whichever is greater, for each TCPA violation. 47 U.S.C. § 227(b)(3)(B); *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc*., 821 F.3d 992, 997 (8th Cir. 2016). Moreover, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph" for willful or knowing violations. 47 U.S.C. § 227(b)(3). The TCPA also allows for injunctive relief. *Id*.

Here, the allegations set forth in the complaint, as well as in the affidavit submitted by Plaintiff is support of the motion for default judgment, establishes that Defendant violated the TCPA on one occasion, for which Plaintiff is entitled to $500 in statutory damages. Plaintiff, however, has failed to establish that said violation was willful or knowing. Accordingly, the request for treble damages will be rejected. *See Lary v. Trinity Physician Fin. & Ins. Servs*., 780 F.3d 1101, 1107 (11th Cir. 2015). Nor has Plaintiff shown a likelihood of future harm. Thus the request for injunctive relief will also be denied. *See id*.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's amended motion for default judgment is **GRANTED** in the amount of $500. (Doc. No. 18.)

An appropriate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2016.